**ATLANTIC LAS OLAS, INC., Plaintiff-
Appellant,**

v.

**Don P. JOYNER, Defendant-Appellee.**

No. 72–1861
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Thomas E. Byrd, Thomas E. Byrd & Associates, Fort Lauderdale, Fla., for plaintiff-appellant.

J. Patrick Dyal, Fort Lauderdale, Fla., for defendant-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

GODBOLD, Circuit Judge.

This appeal from dismissal for lack of jurisdiction presents questions concerning the new economic stabilization laws, Appellant Atlantic Las Olas, Inc. was the lessee and appellee Joyner was the lessor under a lease providing for an annual rental of $10,000. Anticipating expiration of the lease, Atlantic executed on May 11, 1971, a new lease with a third party. By the terms of this lease, lessee was to take possession on October 1, 1971, and pay an annual rental of $35,000. Atlantic brought suit to prohibit Joyner from increasing the rental so that if Atlantic wished to exercise its first refusal right to renew the lease, it would be required to do so at the higher rate. Atlantic claimed that the increase violated Exec. Order No. 11,615, 3 C.F.R. at 199 (1971) (now superseded by Exec. Order No. 11,627, 3 C.F.R. at 218 (1971)), the 90-day "Wage and Price Freeze" instituted by the President on August 15, 1971, pursuant to authority vested in him under the Economic Stabilization Act of 1970. The District Court dismissed the cause on grounds that "the Economic Stabilization Act does not affect these transactions as they took place before August 15, 1971, and . . . the issues in this controversy are matters for determination by the state court system." [1]

---

[1] The District Court did not clarify whether its dismissal for lack of jurisdiction was based on 28 U.S.C. § 1331 (1970) or on § 210 of the Economic Stabilization Act of 1970, Pub.L.No. 91–379, 84 Stat. 799, as amended, Pub.L. No. 92–210, 1 U.S.Code Cong. & Ad. News, p. 837 (Jan. 20, 1972), 85 Stat. 743. Section 210 provides that "[a]ny person suffering legal wrong because of any act or practice arising out of this title, or any order or regulation issued pursuant thereto, may bring an action in a district court of the United States, without regard to the amount in controversy . . . ." The action that we take, however, obviates the necessity for determining which route the District Court pursued.

■ At the outset we meet the question whether appeal to this court is proper. Section 211(b)(1) of the Economic Stabilization Act of 1970, Pub.L. No. 91–379, 84 Stat. 799, as amended, Publ.L. No. 92–210, 1 U.S. Code Cong. & Ad. News, p. 837 (Jan. 20, 1972), 85 Stat. 743, creates the Temporary Emergency Court of Appeals. ["Temporary Court"], and subsection (b)(2) provides that "the Temporary Emergency Court of Appeals shall have exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder."[2] Arguably § 211(b)(2) vests exclusive jurisdiction of this appeal in the Temporary Court, even though there has been no determination that this case arises under the Act or the rules or regulations issued thereunder.

■ By traditional jurisdictional concepts, a court that has jurisdiction of a controversy because it arises under federal law has jurisdiction to determine the jurisdictional issue. " 'Jurisdiction to determine jurisdiction' refers to the power of a court to determine whether it has jurisdiction over the parties to and subject matter of a suit. If the jurisdiction of a federal court is questioned, the court has the power, subject to a review, to determine the jurisdictional issue." Wright, Law of Federal Courts § 16, at 50 (2d ed. 1970).

Accordingly, the Temporary Court should have the opportunity to determine whether it has jurisdiction of this appeal. The appeal is dismissed in order that appellant may pursue an appeal to the Temporary Court if it desires, but without prejudice to reinstatement of the appeal in this court should the Temporary Court decline to hear the appeal or decide that it does not have jurisdiction to determine jurisdiction.

**2.** That the complaint in this controversy was filed prior to the effective date of the 1971 amendments should not prevent applicability of § 211(b)(2). Section 211 (h) provides that "[t]he provisions of this section apply to any actions or suits pending in any court, Federal or State, on the date of enactment of this section in which no final order or judgment has been rendered."