United States Court of Appeals,

Fifth Circuit.

No. 92-7728.

Rod GRABOWSKI, Plaintiff-Appellant,

v.

JACKSON COUNTY PUBLIC DEFENDERS OFFICE, et al., Defendants-Appellees.

April 9, 1996.

Appeals from the United States District Court for the Southern District of Mississippi.

Before POLITZ, Chief Judge, and KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, DeMOSS, BENAVIDES, STEWART, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

Before the en banc court is the second appeal by Roderick John Grabowski of the dismissal of his complaint against Jackson County, Mississippi, in which he invoked 42 U.S.C. § 1983 claiming various violations of his due process rights while a pretrial detainee. He also challenges the constitutional validity of his convictions for armed robbery, burglary, and larceny.

In the first appeal a panel of this court affirmed in part and vacated and remanded in part for consideration of three alleged due process violations and for a merits disposition of the challenges to the validity of the convictions.[1] On remand the district court denied habeas corpus relief and referred the section 1983 complaint to a magistrate judge for a hearing, report, and recommendations.

---

[1]*Grabowski v. Jackson County Public Defenders Office,* 923 F.2d 852 (5th Cir.1991).

1

Following a *de novo* review the district court dismissed the action against Jackson County.  Grabowski appealed both adverse judgments and we consolidated the appeals for disposition.  A second panel of this court, by majority opinion, affirmed the rejection of habeas relief, affirmed in part the dismissal of the section 1983 complaint, and remanded for consideration of Grabowski's allegation that the defendant had failed to protect him from violence at the hands of other prisoners.[2]  The full court took the matter en banc thus vacating the second panel opinion.

The only defendant before the court is Jackson County, Mississippi, which is being sued for alleged constitutional shortcomings in the operation of its governmental institutions, the county jail and the county defender's office.  Grabowski made allegations and offered some evidence of the omissions and commissions of several county employees, but on close study the record leaves no doubt that the only party-defendant herein is Jackson County.

The familiar doctrine of *respondeat superior* has no application in a section 1983 action against a governmental unit based on the wrongful acts of its employees.[3]  A municipality or county can be held accountable to a pretrial detainee for a due process violation resulting from an employee's acts only if the

---

[2]*Grabowski v. Jackson County Public Defenders Office,* 47 F.3d 1386 (5th Cir.1995).

[3]*Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

harmful acts resulted from a policy or custom[4] "adopted or maintained with objective deliberate indifference to the detainee's constitutional rights."[5]

The record before us contains no showing of the existence of a policy or custom of Jackson County by virtue of which any employee, including those identified in the pleadings and other filings herein, violated Grabowski's constitutional or federally guaranteed rights. Absent such, there can be no 42 U.S.C. § 1983 liability by Jackson County and the trial court's judgment in favor of the County is therefore AFFIRMED.

Nor does the record contain sufficient evidence warranting issuance of the Great Writ, and the trial court's rejection of habeas corpus relief is also AFFIRMED.

---

[4]*Id.; Bennett v. City of Slidell*, 735 F.2d 861 (5th Cir.1984) (en banc), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985); *Webster v. City of Houston*, 735 F.2d 838 (5th Cir.) (en banc), *modified on reh'g*, 739 F.2d 993 (5th Cir.1984) (en banc).

[5]*Hare v. City of Corinth*, 74 F.3d 633, 649 n. 4 (5th Cir.1996) (en banc) (emphasis omitted) (citing *Farmer v. Brennan*, --- U.S. ----, ----, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994)).