**In re The Honorable John H. MCBRYDE, District Judge, United States District Court for the Northern District of Texas, Petitioner.**

No. 97–10800.

United States Court of Appeals, Fifth Circuit.

Aug. 14, 1997.

R. David Broiles, Fort Worth, TX, William H. Jeffress, Jr., Miller, Cassidy, Larroca & Lewin, Washington, DC, for Petitioner.

Robert B. Fiske, Jr., Davis, Polk & Wardwell, New York City, for Respondent.

Before SMITH, DUHÉ and BARKSDALE,* Circuit Judges.

---

* Judge Barksdale concurs and joins in all of this opinion except for the last two sentences of footnote 5.

JERRY E. SMITH, Circuit Judge:

United States District Judge John McBryde petitions for a writ of mandamus directing Charles R. Fulbruge III, Clerk of the United States Court of Appeals for the Fifth Circuit, to file with this court a petition to enforce a subpoena. We deny the petition.

## I.

This petition arises from complaint proceedings instituted against Judge McBryde under the Judicial Councils Reform and Judicial Conduct and Disability Act, 28 U.S.C. § 372. We need not describe here the bases for the complaints, for they are immaterial to the questions before us and, in any case, have been adequately discussed in a recent opinion resolving a related dispute. *See In re McBryde*, 117 F.3d 208, 209–18 (5th Cir. 1997) (*"McBryde I"*).

An inquiry by the Judicial Council of the Fifth Circuit (the "Judicial Council") into the underlying complaints is ongoing.[1] The instant dispute concerns preparations for an evidentiary hearing that a Special Committee of the Judicial Council (the "Special Committee"), acting under the authority of 28 U.S.C. § 372(c), has scheduled for August 25, 1997. On April 24, 1997, the Special Committee held a preliminary hearing at which, according to Judge McBryde, Fifth Circuit Chief Judge Politz (acting in his capacity as presiding officer of the Judicial Council) and Judge McBryde's counsel discussed the procedures by which Judge McBryde could obtain subpoenas for the purpose of presenting evidence in the evidentiary hearing. Also according to Judge McBryde, Chief Judge Politz instructed counsel that such subpoenas could be obtained by contacting Mr. Fulbruge, the Clerk of this court. Judge McBryde subsequently submitted eighteen subpoenas and subpoenas duces tecum to the Clerk, who signed each of the subpoenas and issued them bearing the seal of the Fifth Circuit.

A dispute arose as to the subpoena duces tecum issued to Postal Inspector Rex S. Whiteaker, who was a witness and one of the complainants against Judge McBryde. Whiteaker claimed that certain notes requested by the subpoena were under seal by order of the United States District Court for the District of Arizona; Judge McBryde disagreed.

On June 26, 1997, Judge McBryde submitted to the Clerk a petition to enforce this subpoena, intending that the petition be heard by the Fifth Circuit. The Clerk, however, advised Judge McBryde's counsel that the petition instead would be filed with the Judicial Council under the docket numbers that had been assigned to the complaint proceeding. On July 10, the Judicial Council and Special Committee issued a joint order vacating all eighteen subpoenas and describing the proper procedure for the issuance of future ones:

> [T]he subject judge must direct his request for the issuance of subpoenas or subpoenas duces tecum to the special investigating committee along with his reasons why the witnesses and documents are relevant and necessary. Any such requests shall be filed with Circuit Executive Gregory A. Nussel, Secretary of the Council, who will then forward the requests to the special investigating committee. The special investigating committee will then act on that request and issue appropriate instructions to the Clerk, United States Court of Appeals for the Fifth Circuit, relative to the issuance of the requested subpoenas. The clerk is directed to forward all filings of the Honorable John H. McBryde requesting issuance of subpoenas/subpoenas duces tecum (whether filed before this date or hereafter) to the special investigating committee.

---

1. Some portions of Judge McBryde's brief suggest that the Judicial Council of the Fifth Circuit should terminate the pending proceedings because of statements in *McBryde I* that his actions were not the product of "paranoia" or "irrationality," that "finders of fact could reasonably defend either side," and that the complaints of misconduct were " 'directly related to the merits of a decision or procedural ruling.' " *McBryde I, id.* at 218, 219, 229 (quoting 28 U.S.C. § 372(c)(3)). Whatever the significance of these remarks, any argument concerning dismissal of Judicial Council proceedings should be directed to that body and not to this court. *See* 28 U.S.C. § 372(c)(10).

*In re McBryde,* Nos. 95–05–372–0023, 95–05–372–0023(A)–(D), at 2–3 (5th Cir. Judicial Council July 10, 1997).

On July 16, 1997, Judge McBryde's counsel wrote the Clerk, again requesting that the petition to enforce the Whiteaker subpoena be filed with the Fifth Circuit and pointing out that it was, in his view, "not a part of the judicial misconduct proceedings before the Council or Special Committee." On the same day, the Judicial Council and Special Committee responded with a second order stating that, in light of the fact that the Whiteaker subpoena had been vacated, any proceeding to enforce it was now moot. The order also provided:

> In the event Judge McBryde makes future application for the reissuance of the subpoena and a dispute arises over whether the subpoena will be issued and/or the scope of product of documents that will be required under the subpoena, that dispute will be addressed by the special investigating committee as an arm of the Fifth Circuit Judicial Council.

*In re McBryde,* Nos. 95–05–372–0023, 95–05–372–0023(A)–(D) (5th Cir. Judicial Council July 16, 1997).

In accordance with the July 10 and July 16 orders, the Clerk continued to refuse to file the petition to enforce the Whiteaker subpoena with the Fifth Circuit rather than with the Special Committee. Judge McBryde subsequently brought the instant petition for a writ of mandamus, which seeks to compel the Clerk to file the petition to enforce the Whiteaker subpoena with the Fifth Circuit.

## II.

As a threshold matter, we must determine whether the petition to enforce the Whiteaker subpoena is properly before this court. Judge McBryde argues that, by redirecting the subpoena to the Judicial Council, the Clerk has improperly abrogated his duty to file the petition to enforce the Whiteaker subpoena in this court. The writ of mandamus is an appropriate remedy to cure a "usurpation of judicial power." *Schlagenhauf v. Holder,* 379 U.S. 104, 110, 85 S.Ct. 234, 238, 13 L.Ed.2d 152 (1964); *In re Stone,* 986 F.2d 898, 901 (5th Cir.1993) (per curiam).

We sympathize with the Clerk, who quite reasonably concluded that matters pertaining to the disciplinary proceedings should be directed to the Judicial Council. Nonetheless, we conclude that this court must initially consider all petitions addressed to it, even if we ultimately find that we have no jurisdiction to adjudicate such petitions on the merits. The principle of open access to the courts demands that every claim for relief raised in a federal court must be decided by that court.

We have never considered whether a petition seeking to enforce a subpoena duces tecum issued under the seal of the Fifth Circuit, pursuant to Judicial Council proceedings, is a matter within the jurisdiction of the Fifth Circuit or the Judicial Council. Hence, we are sensitive to the dilemma posed by the instant petition, which invoked the jurisdiction of the Fifth Circuit yet concerned proceedings of the Judicial Council. Under these circumstances, absent any prior guidance from this court, no one reasonably could criticize the decision to direct the petition to the Judicial Council.

Nevertheless, the power to dismiss a pleading rests exclusively with this court, not with the Clerk. As we have recently explained, "in the absence of specific instructions from a 'judicial officer,' the clerk of court lacks authority to refuse or to strike a pleading presented for filing." *McClellon v. Lone Star Gas Co.,* 66 F.3d 98, 102 (5th Cir.1995). Accordingly, the petition to enforce the Whiteaker subpoena properly invoked the jurisdiction of the Fifth Circuit and should have been submitted to this court for disposition.

For example, it is well established that the clerk of a court of appeals may not refuse to file a pleading for failure to comply with requirements of form. According to FED. R.APP.P. 25(a)(4), "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rules or practices." Filings in the district courts are governed by FED. R.CIV.P. 5(e), the last sentence of which is identical to rule 25(a)(4).

■ It has long been the practice of this court to interpret rule 25(a)(4) according to its plain language, permitting rejection of pleadings only on the order of a judge, not at the discretion of the Clerk.[2] Likewise, in *McClellon*, 66 F.3d at 102, we held that the Clerk has no discretion to reject a pleading for failure to comply with form requirements unless a "judicial officer" orders the Clerk to strike the pleading. The same rule applies to pleadings that invoke our jurisdiction, as it is axiomatic that this court always has jurisdiction to determine its own jurisdiction.[3] Therefore, the petition to enforce the subpoena should have been submitted to the Fifth Circuit for decision.[4] From this, it follows that the petition to enforce the Whiteaker subpoena is properly before this duly-constituted panel of the Fifth Circuit, the parties have fully briefed the underlying jurisdictional issue, and the disciplinary proceedings that form the basis of the dispute are imminent.

We emphasize that our decision regarding jurisdiction over the petition should not be interpreted as a criticism of the Clerk, who performed his duties in this case with admirable discretion. In his dual capacity as an officer of both the Fifth Circuit and the Judicial Council, the Clerk must wear two hats. The extraordinary circumstances of this case have blurred the line between those two distinct roles. Absent guidance from a panel of this court, it was not unreasonable for the Clerk to conclude that a petition to enforce a subpoena issued in connection with a Judicial Council disciplinary proceeding should be directed to the Judicial Council, rather than the Fifth Circuit. Although we must disagree with that conclusion, in order to reaffirm the fundamental proposition that this court has jurisdiction to determine its jurisdiction, we do not fault the Clerk, whose actions in this matter have been most honorable. We now consider the merits of the petition.

### III.

■ Having concluded that the petition to enforce the subpoena is properly before this court in order for us to decide whether we have jurisdiction, we now take that second step and consider whether we may exercise jurisdiction over the petition. The question whether the petition to enforce the Whiteaker subpoena may properly be heard in this court is governed by the statutory scheme that Congress has created for judicial complaint proceedings. Under 28 U.S.C. § 372(c)(1), allegations that a district judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts," or challenging his mental or physical ability to discharge the duties of his office, may be filed as a written complaint with the clerk of the relevant court of appeals.

The chief judge of the circuit may dismiss the complaint for various reasons or close the proceeding if he concludes that it is moot. 28 U.S.C. § 372(c)(3). Should he choose not to do so, he must appoint a "special committee" to "conduct an investigation as extensive

---

2. *See, e.g., Rutledge v. United States*, No. 97–20111 (5th Cir. July 8, 1997) (order of Smith, J.) (unpublished) (striking brief for non-compliance with local rules).

3. *See, e.g., United States v. United Mine Workers*, 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 695 n. 57, 91 L.Ed. 884 (1947); *United States v. Shipp*, 203 U.S. 563, 573, 27 S.Ct. 165, 166, 51 L.Ed. 319 (1906); *Treaty Pines Inv. Partnership v. Commissioner of Internal Revenue*, 967 F.2d 206, 210 (5th Cir.1992); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1137 (5th Cir.1980); *Burleson v. Coastal Recreation, Inc.*, 572 F.2d 509, 514 (5th Cir.1978); *Atlantic Las Olas, Inc. v. Joyner*, 466 F.2d 496, 498 (5th Cir.1972).

4. We note that the Judicial Council orders directing that all subsequent filings be directed to the Special Committee, rather than to the Fifth Cir-
cuit, cannot be deemed the orders of a "judicial officer" for purposes of *McClellon*. If the Judicial Council were permitted to instruct the Clerk to redirect petitions filed in the Fifth Circuit, it would frustrate the fundamental precept that this court has jurisdiction to determine its own jurisdiction. Therefore, we necessarily conclude that neither the Judicial Council nor a member thereof is a "judicial officer" empowered to order the Clerk to strike pleadings filed in the Fifth Circuit. We express no opinion, however, as to whether the Judicial Council may qualify as a "judicial officer" or judicial body for other purposes. *See McBryde I*, 117 F.3d at 220–21 (*dicta* discussing the nature of the Judicial Council but declining to decide whether it is an "administrative body" or a "judicial body").

as it considers necessary," and ultimately to present a "comprehensive written report" on the matter to the judicial council of the circuit. 28 U.S.C. § 372(c)(4)–(5). Upon receipt of a special committee's report, the judicial council is empowered to impose a wide range of sanctions on the offending judge, including censure, certification of disability, and withdrawal of cases. 28 U.S.C. § 372(c)(6).

A special committee's investigatory powers are broad. Section 372(c)(9)(A) provides that "the judicial council, or a special committee appointed under paragraph (4) of this subsection, shall have full subpoena powers as provided in section 332(d) of this title." Under § 332(d)(1),

Each council is authorized to hold hearings, to take sworn testimony, and to issue subpoenas and subpoenas duces tecum. Subpoenas and subpoenas duces tecum shall be issued by the clerk of the court of appeals, at the direction of the chief judge of the circuit or his designee and under the seal of the court, and shall be served in the manner provided in rule 45(c) of the Federal Rules of Civil Procedure for subpoenas and subpoenas duces tecum issued on behalf of the United States or an officer or agency thereof.

Pursuant to § 332(d)(2), the judicial council or special committee may enforce the subpoenas thus issued by bringing a contempt proceeding "in any district court."

A variety of procedural protections are afforded the accused judge. Under § 372(c)(11), each judicial council must adopt rules providing that

the judge or magistrate whose conduct is the subject of the complaint be afforded an opportunity to appear (in person or by counsel) at proceedings conducted by the investigating panel, to present oral and documentary evidence, to compel the attendance of witnesses or the production of documents, to cross-examine witnesses, and to present argument orally or in writing. . . .

28 U.S.C. § 372(c)(11)(B). Pursuant to this mandate, the Judicial Council has adopted rules that track the language of the statute. *See* Rules Governing Complaints of Judicial Misconduct or Disability, Judicial Council of the United States Court of Appeals for the Fifth Circuit.

All of the judicial council's determinations and sanctions are subject to the limitations on review described in 28 U.S.C. § 372(c)(10):

A complainant, judge, or magistrate aggrieved by a final order of the chief judge under paragraph (3) of this subsection may petition the judicial council for review thereof. A complainant, judge, or magistrate aggrieved by an action of the judicial council under paragraph (6) of this subsection may petition the Judicial Conference of the United States for review thereof. The Judicial Conference, or the standing committee established under section 331 of this title, may grant a petition filed by a complainant, judge, or magistrate under this paragraph. Except as expressly provided in this paragraph, all orders and determinations, including denials of petitions for review, shall be final and conclusive and shall not be judicially reviewable on appeal or otherwise.

As discussed above, paragraph (3) deals with dismissals and mootness; paragraph (6) describes the actions that a judicial council may take upon receiving the special committee's report. Neither addresses interlocutory matters such as orders enforcing or refusing to enforce subpoenas. Rather, those fall within the sweep of the final sentence, which unambiguously forecloses judicial review of "all orders and determinations" other than the above.

Straightforward application of this language leads us to conclude that the Fifth Circuit lacks jurisdiction to hear Judge McBryde's petition to enforce the Whiteaker subpoena or indeed to consider any other challenges to orders rendered by the Judicial Council or Special Committee in connection with a § 372 proceeding.[5] Judge McBryde

---

5. We are, of course, aware that in *McBryde I*, 117 F.3d at 221–24, the panel effectively exercised jurisdiction over a Judicial Council order by reviewing the actions of the judicial officer who implemented it. That decision rested on an interpretation of 28 U.S.C. § 332 and was not

urges, however, that we adopt the holding of *In re Certain Complaints Under Investigation,* 783 F.2d 1488 (11th Cir.1986), in which that court determined that it had original and exclusive jurisdiction to enforce subpoenas issued pursuant to § 332(d)(1). That decision, however, was expressly predicated on the fact that the version of § 332 then in force contained "no hint of language directing enforcement in a district court." *Id.* at 1495. From that the court inferred that subpoenas issued under § 332(d)(1) were more like conventional civil or criminal subpoenas, which are enforceable by the court that issues them, than they were like administrative subpoenas, which may be enforced only by the issuing agency petitioning a district court for an enforcement order. *Id.* at 1494–96. As conventional subpoenas "[b]earing the court's seal and issued by its clerk," the court concluded, "the [§ 332] subpoena is an instrument of that court's process." *Id.*

We disagree. Whether the *Certain Complaints* court correctly interpreted the version of § 332 before it is a question we need not reach, for a subsequent amendment has substantially altered the statutory scheme. In 1990, Congress added subsection (d)(2), which provides in relevant part that "a judicial council or a special committee appointed under section 372(c)(4) of this title may institute a contempt proceeding in any district court. . . ." This is important, for it replicates the traditional administrative subpoena enforcement mechanism.

As the *Certain Complaints* court explained, administrative subpoenas are creatures of statute, issued by an agency under its own name and authority. *Certain Complaints,* 783 F.2d at 1494. The agency does

not have the power to sanction a recalcitrant witness but must instead petition a district court for an enforcement order. Violation of the district court's order is punishable as contempt, and "[o]nly at that stage has the witness defied the process of the district court itself." *Id.*

This is, in all material respects, the same scheme that Congress has created in § 332. Just as administrative agencies may issue subpoenas under their own name and authority, *see, e.g.,* 12 U.S.C. § 1818(n) (granting subpoena power to the Federal Deposit Insurance Corporation), so too may the judicial councils and special committees thereof.[6] To remedy the fact that the judicial council lacks the inherent authority to enforce its subpoenas, Congress has now provided it may bring contempt proceedings "in any district court." 28 U.S.C. § 332(d)(2). Thus, the distinction that drove the *Certain Complaints* court to distinguish § 332 subpoenas from conventional administrative subpoenas no longer exists.

Judge McBryde protests that, because § 332(d)(1) subpoenas are obtained through the Clerk and bear the seal of this court, they are necessarily Fifth Circuit subpoenas and thus are within the power of this court to enforce. In support of this construction of the statute, Judge McBryde observes that § 332(d)(1) provides that "[s]ubpoenas and subpoenas duces tecum shall be issued by the clerk of the court of appeals, at the direction of the chief judge of the circuit or his designee and under the seal of the court." 28 U.S.C. § 332(d)(1). This is a plausible construction of this language only if it is viewed in isolation. When it is read in the context of

meant to extend to § 372. *See McBryde I, id.* at 222 ("The mechanism in § 372 differs fundamentally from the mechanism in § 332."). *McBryde I* remains good law, of course, in accordance with this circuit's "rule of orderliness." *See, e.g., Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997); *Grabowski v. Jackson County Pub. Defenders Office,* 47 F.3d 1386, 1399 (5th Cir.) (Smith, J., concurring in part and dissenting in part), *vacated for reh'g en banc,* 47 F.3d at 1403 (5th Cir.1995), *district court judgment aff'd,* 79 F.3d 478 (5th Cir.1996) (en banc); *Autry v. Estelle,* 706 F.2d 1394, 1401 (5th Cir.1983). To the extent that its assertion of jurisdiction conflicts with § 332 or the jurisdictional withdrawal

provision in § 372(c)(10), however, the decision must be limited to the facts and particular statutes that were before that panel.

**6.** *See* 28 U.S.C. § 332(d)(1) ("Each council is authorized to hold hearings, to take sworn testimony, and to issue subpoenas and subpoenas duces tecum."); 28 U.S.C. § 372(c)(9)(A) ("In conducting any investigation under this subsection, the judicial council, or a special committee appointed under paragraph (4) of this subsection, shall have full subpoena powers as provided in section 332(d) of this title.").

the remainder of the statute, we find it unpersuasive.

First, as we have explained, the Clerk performs a dual role in his capacity as an officer of both the Fifth Circuit and the Judicial Council. Therefore, there is nothing inconsistent in our conclusion that § 332(d)(1) merely authorizes the Clerk to act, at the Judicial Council's direction, to issue subpoenas in his capacity as an officer of the Judicial Council. Moreover, this interpretation of the statute is supported by the sentence immediately preceding the language upon which Judge McBryde relies, which expressly authorizes the Judicial Council to issue subpoenas: "Each council is authorized to hold hearings, to take sworn testimony, and to issue subpoenas and subpoenas duces tecum." 28 U.S.C. § 332(d)(1).[7] This statutory language strongly suggests that the Judicial Council issues subpoenas under its own authority, not under the aegis of the Fifth Circuit.

To the extent that the confluence of the two statements creates some ambiguity as to precisely whose subpoenas these are, it is resolved by reading the statute as a whole.[8] The first sentence unequivocally indicates that the subpoenas are issued by the judicial council, from which one might very naturally conclude that they are the judicial council's subpoenas. The language immediately following describes the mechanics of how subpoenas are to be obtained. That both the judicial council and the Clerk are said to "issue" them is of no particular moment, for the context of these statements indicates that Congress intended the judicial council to be the controlling and originating entity.[9]

It therefore cannot be the case—as Judge McBryde's argument assumes—that Congress, in the same provision, both created judicial council subpoenas and replaced them with court of appeals subpoenas. What the first sentence so plainly gives, we will not lightly read the second sentence to take away.

It is axiomatic that we must construe statutes so as to give meaning to all terms, and simultaneously to avoid interpretations that create internal inconsistencies or contradictions.[10] The obvious way to reconcile a judicial council's authority to issue subpoenas with the subsequent sentence is to read the subsequent sentence as a description of the procedures by which that is to be done. Under the interpretation Judge McBryde urges, in contrast, Congress has explicitly authorized the judicial council to "issue" subpoenas that are actually process of a court of appeals. That renders the grant of authority mere surplusage, a result that we cannot accept.[11]

The subpoenas at issue are subpoenas of the Judicial Council, not the Fifth Circuit. That they are delivered by the Clerk of the Fifth Circuit and bear its seal is not dispositive. Under § 332(d)(2), the exclusive forum in which to enforce them is the district courts, not the courts of appeals. This conclusion is reinforced by the language of § 372(c)(10), which makes no exception for

---

**7.** *See also* 28 U.S.C. § 372(c)(9)(A) ("In conducting any investigation under this subsection, the judicial council, or a special committee appointed under paragraph (4) of this subsection, shall have full subpoena power as provided in section 332(d) of this title.").

**8.** *See, e.g., King v. St. Vincent's Hosp.*, 502 U.S. 215, 221, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991) ("[A] statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context.") (citation omitted); *United States v. Boisdore's Heirs*, 49 U.S. (8 How.) 113, 122, 12 L.Ed. 1009 (1850) ("In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.").

**9.** *See American Tobacco Co. v. Patterson*, 456 U.S. 63, 69–71, 102 S.Ct. 1534, 1537–38, 71 L.Ed.2d 748 (1982) ("Statutes should be interpreted to avoid untenable distinctions and unreasonable results whenever possible.").

**10.** *E.g., Bailey v. United States*, —— U.S. ——, ——–——, 116 S.Ct. 501, 506–07, 133 L.Ed.2d 472 (1995); *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575, 115 S.Ct. 1061, 1069, 131 L.Ed.2d 1 (1995); *United States v. Nanez*, 694 F.2d 405, 412 (5th Cir.1982).

**11.** *See Ratzlaf v. United States*, 510 U.S. 135, 140–41, 114 S.Ct. 655, 658–59, 126 L.Ed.2d 615 (1994) (holding that judges should hesitate to treat statutory terms as surplusage "in any setting").

discovery disputes in its general jurisdictional bar.

We further note that under § 332(d)(2), the power to bring enforcement proceedings inures only to a judicial council or special committee, and not to the subject of the investigation. That is, in the face of § 372(c)(10)'s general withdrawal of jurisdiction, the sole exception Congress has carved out is for proceedings to enforce subpoenas, and even then only when those proceedings are instituted by a judicial council or special committee. Certainly, Congress has unambiguously conveyed to us that a circuit court of appeals—a court not named in § 332(d)(2)—may not entertain a petition brought by the subject of a complaint proceeding, a party not named in § 332(d)(2). Persons aggrieved in the course of § 372 proceedings have remedies, but under § 372(c)(10) those remedies lie with the Judicial Council and the Judicial Conference of the United States, not with this court.

### IV.

Beyond the narrow exception created by § 332(d)(2), the federal courts' general lack of jurisdiction to adjudicate discovery disputes in connection with a § 372 proceeding is manifest. Consequently, while we agree that the petition to enforce the Whiteaker subpoena is properly before this court, we conclude that we do not have jurisdiction to enforce the subpoena, as it is exclusively within the purview of the Judicial Council.

Accordingly, we now cure any procedural defect in this case by entering a *nunc pro tunc* order that the Clerk refuse to accept any further filings from Judge McBryde in matters related to the proceedings before the Special Committee. The Clerk is directed to forward all such filings to the Special Committee or other body as appropriately designated by 28 U.S.C. § 372(c)(10), effective July 10, 1997.

The petition for writ of mandamus is DENIED.