**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 97-40559
Summary Calender

JOHNNY RAY MCFARLAND,

Plaintiff-Appellant,

v.

ALEX PEREZ, Sheriff, ET AL.,

Defendants-Appellees,

Appeal from the United States District Court
for the Southern District of Texas
(B-94-CV-256)

December 29, 1999

Before REYNALDO G. GARZA, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Prisoner and pro se litigant Johnny Ray McFarland (TDCJ # 559152) appeals the dismissal of his civil rights complaint brought under Section 1983. McFarland alleged that Alex Perez, the Sheriff of Cameron County, Texas, violated a number of his constitutional rights while he was incarcerated at the Cameron County Jail between 1989 and 1990.

The parties consented to proceed before the magistrate judge. In February of 1996, Perez moved for summary judgment, asserting, *inter alia*, that he was entitled to qualified immunity. Although McFarland filed a request for production of documents and a motion to compel discovery, he did not respond to the summary judgment motion.

On June 7, 1996, some four months after the motion was filed, the magistrate judge

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir.R. 47.5.4.

entered a "memorandum & final judgment" granting Perez's motion for summary judgment and dismissing McFarland's claims. McFarland filed "objections" to the order of dismissal, arguing that the magistrate judge should have issued an order requiring him to answer Perez's motion of qualified-immunity defense. The magistrate judge construed these "objections" as a motion to amend judgment pursuant to Fed. R. Civ. P. 59, and denied the motion. McFarland then filed a set of "written objections" to the magistrate judge's order, arguing that: (1) the magistrate judge had failed to consider an affidavit and brief in opposition to Perez's motion for summary judgment which he filed one day after the magistrate judge's order was filed, and (2) that the magistrate judge should have ordered him to respond to Perez's assertion of the qualified immunity defense. The magistrate judge overruled these objections. McFarland re-urges these two procedural objections on appeal.

As to the first, McFarland admits that the pleading was not filed until after the magistrate judge entered his order of dismissal. At best, this tardy pleading could serve as a basis for reconsideration of the dismissal pursuant to Rule 59, the denial of which would be reviewed by this court for abuse of discretion. *See Midland West Corp., v. F.D.I.C.*, 911 F.2d 1141 (5th Cir. 1990). First, we find no procedural error. The magistrate judge did, in fact, consider the pleading pursuant to Rule 59, as it was appended to McFarland's second set of objections to the order of dismissal that were overruled by the magistrate judge. McFarland thus fails to identify any procedural error with regard to the tardy filing.

Moreover, the magistrate judge committed no abuse of discretion in denying the motion to reconsider the dismissal. McFarland alleges there is a triable issue of fact as to whether Perez had personal knowledge or involvement in two alleged constitutional violations: (1) Perez having ignored McFarland's request for personal access to the law library; and (2) the jail's overcrowded condition which allegedly violated the Eighth Amendment. However, there is no triable issue as to whether McFarland was denied meaningful access. He was represented by counsel during his stay in jail, his trial, and his appeal. He was thus given meaningful access to the courts. *See Lewis*

*v. Casey*, 518 U.S. 343, 350 (1996) (holding that providing prisoners with either adequate law libraries or assistance by persons trained in the law is sufficient to provide meaningful access to the courts).

Nor is there a triable issue of fact regarding the prison overcrowding claim. There is no evidence that Perez did anything regarding the prison conditions to violate McFarland's clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, Perez was entitled to qualified immunity against any claim that he personally violated McFarland's rights. Moreover, there is no evidence of punitive intent or deliberate indifference regarding the allegedly adverse conditions. *See Grabowski v. Jackson County Public Defenders Office*, 79 F.3d 478 (5th Cir. 1996) (en banc) (noting that pre-trial detainees are entitled to protection from adverse prison conditions created by prison officials for a punitive purpose or with deliberate indifference to the risk of serious harm); *Farmer v. Brennan*, 511 U.S. 825 (1994) (requiring punitive intent or deliberate indifference in an adverse condition case). Thus, there is also no evidence that Perez implemented unconstitutional policies that causally resulted in any injury. Clearly, then, the magistrate judge did not abuse his discretion in denying the Rule 59 motion.

Finally, the magistrate judge committed no error in not ordering McFarland to respond to Perez's assertion of a qualified immunity defense. "[P]articularized additional notice of the potential consequences of summary judgment motion and the right to submit opposing affidavits need not be afforded a pro se litigant." *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). The notice afforded by the Rules of Civil Procedure and the local rules is sufficient. *Id.* McFarland received all the notice that was due. The issue of qualified immunity was set forth in a motion for summary judgment. The magistrate judge did not grant that motion until four months after it was filed. McFarland was thus provided ample opportunity to respond to the defendant's assertion of qualified immunity.

McFarland misinterprets *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) as

requiring a district court to order a litigant to file a reply to an assertion of qualified immunity in a summary judgment motion prior to dismissal of a complaint on that basis. First, that case only addressed the qualified-immunity defense as it related to motions to dismiss pursuant to Fed. R. Ci. P. 12(b)(6). In the present case, the qualified immunity issue was clearly set forth in a motion for summary judgment. Second, *Schultea*, merely held that where a public official pleads an affirmative defense of qualified immunity, the district court *may* require a plaintiff to reply to that defense.

AFFIRMED.