*416 E. GRADY JOLLY, Circuit Judge,
concurring:
I wholly agree with the conclusions reached by Judge Garza: We have jurisdiction over this case, and the district court erred in failing to decide the arbitra-bility question. I write separately, however, because Judge Garza’s jurisdictional analysis is, in my opinion, quite troublesome.
I agree with Judge Garza that we are bound by Alexander v. Int’l Union of Operating Eng’rs, AFL-CIO to view the existence of a contract under section 301 as a jurisdictional requirement. 624 F.2d 1235 (5th Cir.1980). Judge Garza, however, reads Alexander to require only that jurisdiction be alleged; that is, he would hold that [a]n allegation of a labor contract violation is sufficient to grant jurisdiction that effectively exists thereafter and cannot be challenged. Judge Garza Op. at p. 402. Of course, jurisdiction can be challenged at any time. I recognize that the jurisdictional analysis under section 301 has been complicated by several subsequent Supreme Court cases, but if, as both Judge Garza and I agree, Alexander is still controlling law in the Fifth Circuit, the holding that a mere allegation of jurisdiction cannot be disturbed by a meritorious challenge is bewildering.
Alexander holds that jurisdiction [under section 301] depends on whether there is a contract.... Alexander, 624 F.2d at 1238. I do not see how this statement can be read as indicating anything other than that the existence of a contract is a necessary jurisdictional fact. As with any other jurisdictional fact, this rule requires that if one of the parties challenges the existence of the contract, the district court must determine whether jurisdiction is satisfied under the Rule 12(b)(1) standard. Judge Garza attempts to escape this conclusion by noting that Alexander did not require factual proof of a labor contract’s existence. Judge Garza Op. at p. 401. This observation, although true at the initial pleading stage, is irrelevant to our analysis because the existence of a contract was not disputed in Alexander. Thus, nothing more can be taken from this observation than the uncontroversial proposition that alleged jurisdictional facts may be accepted as true if unchallenged. It does not speak to the situation before this panel; the Union alleged a violation of the CBA, and Houston Refining is contesting the existence of that CBA. Thus, that Alexander did not itself require factual proof of the existence of a contract provides no guidance here, whereas its statement that jurisdiction depends on whether there is a contract speaks directly to this point. Alexander, 624 F.2d at 1238.
Judge Garza also relies on Textron Ly-coming Reciprocating Engine Div., AVCO Corp. v. United Auto., Aerospace & Agrie. Implement Workers of Am., Int’l Union for his conclusion that allegations of jurisdiction are sufficient to provide jurisdiction under section 301. 523 U.S. 653, 118 S.Ct. 1626, 140 L.Ed.2d 863 (1998). But Tex-tron also holds that a contract is a jurisdictional requirement under section 301. Id. at 656, 118 S.Ct. 1626. Judge Garza, however, rather relies on Textron’s statement that section 301 erects a gateway through which parties may pass into federal court. Id. at 658, 118 S.Ct. 1626. Textron goes on to say that if, in the course of deciding *417 whether a plaintiff is entitled to relief for the defendant’s alleged violation of a contract, the defendant interposes the affirmative defense that the contract was invalid, the court may adjudicate that defense. Id. From his chosen statements, Judge Garza concludes that Textron thus teaches that an ‘alleged violation’ satisfies section 301(a)’s jurisdictional requirement. Judge Garza Op. at p. 403 (emphasis in original). But Textron only says that an allegation of jurisdiction promises a temporary entry but not a permanent residence in federal court. No statement in Textron prevents the court from hearing and ruling on a jurisdictional challenge brought under Rule 12(b)(1), alleging and demonstrating that there is no subject matter jurisdiction because there is no section 301 contract in existence for the court to address.
I would read Alexander and Textron together in the following way: First, there can be no dispute that a party must sufficiently allege jurisdiction in order to get in the door of the federal court. As Textron puts it, in order to enter the gateway through which parties may pass into federal court, the plaintiff must, at a bare minimum, allege a covered contract and the violation thereof. Textron, 523 U.S. at 658, 118 S.Ct. 1626. If the defendant disputes the existence of a contract, Alexander requires that the court, pursuant to its jurisdiction to determine its own jurisdiction, determine whether a contract exists so as to secure subject matter jurisdiction. In re McBryde, 120 F.3d 519, 522 (5th Cir.1997) ([I]t is axiomatic that this court always has jurisdiction to determine its own jurisdiction.). When the complaint alleges a violation of the contract, but the district court determines that at the time of the alleged violation, there was no contract, the court must dismiss the complaint for lack of subject matter jurisdiction.
If after the plaintiff alleges a contract violation, the defendant argues either (1) that no violation occurred, or (2) that the underlying contract is voidable (as opposed to void) for some reason, these determinations are properly left for the merits stage. Textron, 523 U.S. at 658, 118 S.Ct. 1626.
Despite its statements to the contrary, Judge Garza’s opinion treats the existence of a contract under section 301 as only an element of the claim rather than as a jurisdictional requirement. Although it does not say so expressly, the opinion surely suggests a holding that the jurisdictional facts at issue in a section 301 case are subject to the simple Rule 12(b)(6) dismissal standard, under which courts assume that all properly pleaded factual allegations are true. I am aware of no factual jurisdictional requirement that can be permanently settled by a bare allegation when jurisdiction is challenged. Instead, when subject matter jurisdiction is meritoriously challenged, the more stringent Rule 12(b)(1) standard is applied, and the court decides disputed jurisdictional facts; it does not blithely assume allegations of jurisdiction as true. See Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981) (The unique power of district courts to make factual findings which are decisive of jurisdiction is, therefore, not disputed.).
As Judge Garza’s opinion points out, many circuits have abandoned earlier views that the existence of a contract under section 301 is a jurisdictional requirement. I agree, however, with Judge Garza that we cannot abandon Alexander’s holding.[1] But we disagree when Judge Garza proceeds to interpret Alexander’s jurisdictional holding as meaningless by rendering section 301 only a pleading requirement. I would give more respect to Alexander and hold that when, as here, the defendant *418 moves to dismiss the section 301 complaint for lack of subject matter jurisdiction by challenging even the existence of the alleged contract, the district court is duty bound to determine whether that contract exists in order to assure itself of its own jurisdiction. See Union Planters Bank Nat’l Ass’n v. Salih, 369 F.3d 457, 460 (5th Cir.2004) (reaffirming that federal courts are duty-bound to examine the basis of subject matter jurisdiction ...).
Nonetheless, in the end I find myself in the pleasant company of Judge Garza. We agree in the result. Houston Refining has challenged the existence of the CBA. The Union has also alleged that Houston Refining violated the Settlement Agreement between it and the Union, and Houston Refining raises no challenge to the existence of the Settlement Agreement. Accordingly, because the Union has alleged the violation of that contract violation, and Houston Refining has not challenged the existence of that contract, I would hold that the jurisdictional requirement of section 301 is satisfied. I also agree with Judge Garza’s analysis regarding arbitrability, and therefore concur in Section IV of Judge Garza’s opinion. For these reasons, I respectfully concur in the court’s judgment.

. I thus disagree with the jurisdictional analysis in Judge Higginson’s dissent.