■ Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 • A motion has been made to dismiss this case, for want of jurisdiction in this court to hear' and decide it.
 

 It appears that a petition was filed by the appellees in the District Court of the United States for the Southern District of Mississippi, pursuant to the acts of Congress of May 26, 1824, and of June 17, 1844, praying to have confirmed to them a large tract of land, which they claimed under a concession or grant which they alleged .had been made to their ancestors, by the Spanish authorities.
 

 The petition was filed on February 1, 1845, and on the 12th of November, 1847, the district judge passed his decree confirming the concession; and on the same day the United States appealed to this court. The motion is made to dismiss,
 
 *121
 
 upon the ground that the act of 1844, which extended to the State of Mississippi the act of 1824, and reenacted it as to claims in that State, limited the duration of both acts to five years and no longer, and that both of these acts, so far as concerns such claims, expired on the 17th of June, 1849; and this court having no appellate jurisdiction, unless conferred on it by act of Congress, and having derived the jurisdiction it heretofore exercised in cases of this description altogether from the laws above mentioned, its power in this respect ceased when the laws expired ; and there being no act of Congress now in force authorizing it to review the decree of the District Court for the Southern District of Mississippi, the appeal of the United States ought to be dismissed for want of jurisdiction.
 

 It is true that this court can exercise no appellate power over this case, unless it is conferred upon it by . act of Congress. And if the laws which gave it jurisdiction in such cases have expired, so far as regards claims in the State of Mississippi, its jurisdiction over them has ceased, although this appeal was actually pending in this court when they expired.
 

 But the court is of opinion that the act of 1824, reenacted by the act of 1844 for the State of Mississippi and the other States mentioned in that law, has not expired so far as regards appeals from the District Courts to this court; that it is still in full force, and unless repealed by Congress will continue in force, until all the appeals regularly brought up from the District Courts shall be finally disposed of.
 

 The act of 1824 originally extended only to the Spanish and French grants in the State of Missouri, and the then Territory of Arkansas. It contains no clause limiting- generally the duration of the law. The fifth section limits the time within which the claimant's may file their petitions to two years, and gives the petitioner three years from the time his petition is brought before the District Court, to prosecute it to a final decision in that court; but by the second section either party may appeal to this court, within twelve months from the time of the final decree in the District Court. And as many of the cases might and most probably would be decided in the latter period of the five years within which the party is required to present his claim and- prosecute it to a final decision, it is evident that the jurisdiction of this court to hear and determine the appeal was not intended to be limited to the same period. And as there is (no clause of limitation applying to the whole act, nor as to the time within which this court shall exercise the appellate power conferred on it, the act of 1824, in this respect, is a perpetual one ; and if any appeal were at this day depending, which had
 
 *122
 
 been regularly brought up from the State of Missouri or the Territory of Arkansas, the court would' have jurisdiction to hear and decide it.
 

 This construction of the original act of 1824 is, indeéd, not disputed. But it is insisted that it is otherwise when taken in connection with the act of 1844, which reenacted it for the States therein mentioned, in one of which this case has arisen. And it is contended that the duration of the whole act of 1824, as thus reenacted, including the appellate jurisdiction of this court, is restricted to five years from the enactment of the law.
 

 This construction cannot be maintained. In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy. And it was evidently the intention of the act of 1844 to place the claims under Spanish and French grants in the States therein mentioned upon precisely the same footing with the claims in Missouri and the Territory of Arkansas, and to give the claimants the same rights and remedies, including the right to appeal to this court. For it declares in express terms, that the act of 1824 shall be extended to them, “ in the same way,-and with the same rights, and powers, and jurisdictions to every extent they can be rendered applicable, as if these States had been enumerated in the original act thereby revived; find the enactments expressly applied to them, as to the State of Missouri.” Now, if they had been in-eluded in- the original act, and the enactments applied to them as-to the State of Missouri, it is admitted that the appellate jurisdiction of this court would not be limited to five years. And if it would not, it necessarily follows that it is not limited by the act when reenacted and extended by the law of 1844. For if it .were to be so limited, and the jurisdiction of this court ceased in five years, the rights and powers and jurisdictions in relation to the claimants in these States would be different from what they would have been if they had been included in the original law. Such a construction would in effect take away the jurisdiction of this court, and deprive each party of the right to appeal within twelve months in the cases decided in the last year of the five, and would make the appeal in almost every case inefficient and nugatory. Certainly, there could be no reason-of policy or justice for making such a difference in the jurisdiction of this court indifferent classes of similar eases; nor could such have been intended. The error of the appellees appears to have arisen from what is evidently an inaccuracy of language in the act of 1844, when it speaks, in the beginning of the enacting clause, of “so much of the-expired act
 
 *123
 
 of 1824” as related to the State of Missouri. Now the act of 1824, as we have already said, had not expired, and is still in force. But the fifth section of the act, which gave the claimant two years from the date of the law to file his petition, and three more to bring it to a final decision, had expired. And the whole context and provisions of the act of 1844 show that it was the intention of the legislature to revive this portion of the act of 1824, and to give to the claimants in the States there mentioned, as it had given to those in the State of Missouri, five years to establish their claims, and to subject them in other respects also to the same regulations and jurisdictions in prosecuting them in the courts of the United States- And the expression, “ so much of the expired act of 1824,” should/have been, “ so much of the act of 1824 as had then expired,” in order to make this clause consistent with the residue of the act. This evident inaccuracy ought not, however, to embarrass the court in expounding the act, which, taken altogether, is sufficiently plain in its objects and intention, as well as in its language.
 

 The motion to dismiss this appeal must therefore be overruled.
 

 The cases of The United States
 
 v.
 
 The Heirs of Powers, and The United States
 
 v.
 
 The Heirs of Turner, stand upon the same grounds, and the motions to dismiss them must therefore be disposed of in like manner.
 

 Order.
 

 On consideration of the motion made by Mr. Henderson, of counsel for the appellees, on a prior day of the. present term of this court, to wit, on Friday the 14th instant, to dismiss this cause for the want of jurisdiction, and of the arguments of counsel thereupon had, as well against as in support of the said motion, it is now here ordered by this court, that the said motion be, and the same is hereby, overruled.