SUPREME COURT.

### William C. Lemon agt. Ezra Trull.

In an action to recover for the price of personal property sold, an answer by the defendant setting up a breach of warranty, in respect to the quality of that property, and claiming to *recoup* to that extent, is a *counter-claim*, and, if not *replied* to, will be considered as admitted on the trial.

*It seems*, that a counter-claim may arise out of claims either legal or equitable, or both.

*Saratoga General Term, July,* 1856.

C. L. Allen, James, Paige and Rosekrans, *Justices.*

This action was brought to recover for a quantity of cigars, sold by the plaintiff to the defendant previous to the 3d of March, 1853, to the amount, as claimed, of $61.88 and interest. The defendant denied the indebtedness, (except to the amount of $40,) and averred that upon the sale the plaintiff warranted the cigars to be good and merchantable. That a portion of them were not good and merchantable, but were unfit for use, and were $21.88 less in value than the defendant agreed to pay for them—which sum the defendant claimed to recoup. There was no reply to the answer, and the judge held, on the trial at the Montgomery circuit in June, 1855, that the cause of action in the complaint stood admitted, and also that the claim for a deduction to the amount of $21.88, as set up in the answer, constituted a counter-claim, and, not having been replied to,

stood admitted, and directed a judgment accordingly for the plaintiff for $40 only. The plaintiff's counsel excepted.

A motion is now made for a new trial.

R. RAYNOR, *for plaintiffs.*
H. SACIA, *for defendant.*

By the court—C. L. ALLEN, Justice.  Much difficulty has arisen, and the cases are somewhat conflicting, as to what constitutes a counter-claim, requiring a reply under § 153 of the Code.  The cases, however, have, I think, settled down to the conclusion that when the defendant has a cause of action against the plaintiff, upon which he might have maintained a suit, such a cause of action is a counter-claim.  The parties then have cross demands.  (12 *How.* 311.)  Section 150 enacts, that the counter-claim must be one existing in favor of a defendant against a plaintiff, and affirmative relief may now be granted under § 274, and claims, either legal or equitable, or both, are now pleadable in the nature of set-off, without regard to the form of the action. (15 *Barb.* 365.)  A counter-claim is also a set-off as called under the previous practice.

The defendant here seeks to recoup, or set-off, as in *Reab* agt. *M'Allister*, (4 *Wend.* 483—*same case in error*, 8 *id.* 109,) where the court decided the case came within legislative definition. (*See Code*, § 150, *sub.* 1; 15 *J. R.* 358, 395.)

In *Gage* agt. *Angell* (8 *How.* 335–337) it was well said that counter-claims must exist at the commencement of the action, which must be one arising from contract, and it may be (under the first subdivision of § 150) exist in a cause of action arising out of the contract, or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

That the answer in this case sets up a counter-claim so as to require a reply, is, I think, fully established in the following cases: *Silliman* agt. *Eddy*, 8 *How.* 122;  *Putnam* agt. *De Forest*, *id.* 146;  *Simpson* agt. *Loft*, *id.* 234;  *Davidson* agt. *Kensington*, 12 *id.* 310, *and see* 9 *How.* 263;  20 *Barb.* 477;  2 *Duer*, 639;

6 *How.* 433; 4 *Sanf.* 147; 8 *How.* 441; 1 *Whit. Pr.* 506, 507, 508.

The defendant here claimed affirmative relief, growing out of the cause of action for breach of warranty in the quality of the article sold, and for which he could have maintained an action. His answer setting it up required a reply, and none having been interposed, the justice did right in adjudging it to be admitted, and his judgment should be affirmed.