By the Court:

Freedman, J.
In the case of the Bank of Geneva v. Reynolds, 33 N. Y., 160, the Court of Appeals held that an order allowing bail to surrender the principal in their exoneration is appealable, for the reason that it affects a substantial right, and in effect determines the action and prevents *399 a judgment from which an appeal might be taken. Such being the law of this case, and it appearing from the record that the first motion was made upon substantially the same, if not stronger grounds, as the second motion, I am of the opinion that the order appealed from, which granted under the general prayer for relief a relief not specifically asked for and not forming a strictly legitimate object of the principal motion, should not be permitted to stand. The first motion was decided after a hearing of all parties upon the merits, and denied in all its parts. Leave to renew was neither reserved nor subsequently applied for. Before and since the Code it has been the practice that a special motion cannot be renewed upon the same or substantially the same facts without leave of the court for that purpose obtained (Mitchell v. Allen, 12 Wend., 290; Dollfus v. Frosch, 5 Hill, 493; Allen v. Gibbs, 12 Wend., 202; Willett v. Fayerweather, 1 Barb., 73; Bellinger v. Martindale, 8 How., 113; Cazneau v. Bryant, 4 Abb., 402; Snyder v. White, 6 How., 321; Mills v. Thursby, 11 How., 114; Smith v. Spalding, 30 How., 339).
Thus, it has been held that a party cannot, by omitting to enter the order, obtain a right to renew a motion (Peet v. Cowenhaven, 14 Abb., 56).
It is undoubtedly true that the decision of a motion is not to be condsidered as res judicata, and that there are special occasions on which a motion may be reheard, for instance when the order is unappealable; but as a matter of orderly practice it should never be done except upon leave. When that is applied for it is discretionary with the court to allow a renewal of the motion, on the same or additional papers, and its decision in this respect will not be reviewed upon appeal (White v. Munroe, 12 Abb., 357; Smith v. Spalding, 30 How., 339; Adams v. Bush (No. 2), 2 Abb. N. S., 112).
But leave will not be given to renew a motion to enable a party to insist on facts known to him, but not insisted upon at the hearing of the original motion (Pattison v. Bacon, 12 Abb., 142; 21 How., 478), and the discovery of new evidence even in *400 support of the matter previously urged has been held to give no absolute right to a renewal of the motion (Hoffman v. Livingston, 1 Johns. Ch. R., 211).
As a general rule, however, leave will not be withheld if in the circumstances of the opposition there is anything to excite suspicion of unfairness, or a belief that the moving party was taken by surprise.
By rule 23 of the general rules, it is further provided that if any application for an order be made to any judge or justice, and such order be refused in whole or in part, or be granted conditionally or on terms, no subsequent application upon the same state of facts shall be made to any other judge or justice; and if upon such subsequent application any order be made, it shall be revoked, etc. By sec. 401 of the Code, an application for an order is styled a motion, and the same section refers to motions which can only be made upon notice as well as to such which may be made without notice. Sec. 400 provides that the term “ order ” shall include every direction of a court or judge made or entered in writing, and not included in a judgment. The construction, therefore, of the 23d rule above referred to, in connection with secs. 400 and 401 of the Code, would seem to lead to the conclusion that the rule applies to motions on notice as well as to ex-parte applications; and, inasmuch as such application of the rule to motions will greatly tend to maintain and perpetuate the harmony and kind feeling which should always exist between members of the same court, attorneys should not be permitted to disregard it. If the defendants in this case felt aggrieved by the first order they might have appealed or applied for a reargument. They declined to do either.
The order appealed from should therefore be reversed, with costs.