THE TOWN OF LYONS, APPELLANT, *v.* DWIGHT S. CHAMBERLIN AND OTHERS, AS EXECUTORS, ETC., OF DE WITT PARSHALL, DECEASED, RESPONDENTS, IMPLEADED, ETC.

*Trustee directed to pay over money — when chargeable with interest — Town bonding proceedings — allowance to be made for expenditures, made before they are set aside.*

The general rule is that a trustee acting in good faith, who keeps funds in his hands ready to disburse, without mingling them with his own moneys, should not be charged with interest thereon; but where a trustee, after his accounts have been stated and he has been ordered to pay over certain moneys, retains such moneys in his hands, he will be charged with interest on the moneys so retained.

In order to avoid payment of interest he should either pay over the money to the party entitled thereto or deposit the same in court.

Where a proceeding instituted for the purpose of bonding a town in aid of a railroad is adjudged to be illegal, after it has proceeded so far that certain bonds of the town have been sold and the proceeds of sale have been expended in the construction of the road in good faith, by the agent or trustee for the town, such agent or trustee, on an accounting by him should be allowed for the money so expended.

APPEAL by the plaintiff from part of a judgment in its favor, rendered against De Witt Parshall in his lifetime, and in which action said Parshall's executors have been substituted in his place; also from part of an interlocutory judgment and from two certain orders herein.

Prior to the 17th day of May, 1872, proceedings were taken by sundry citizens of the town of Lyons for the purpose of bonding that town in aid of the Sodus Bay, Corning and New York Railroad Company, which proceedings resulted in a judgment that the town be bonded in the sum of $150,000, and Messrs. Cole, Perrine and Chamberlin were appointed commissioners on behalf of the town

to subscribe for the stock of the road and issue the bonds of the town. On the same day the commissioners, with the railroad company and Mr. Parshall, entered into an agreement, tripartite, by which the commissioners, as parties of the first part, agreed to create and execute bonds of the town to the amount of $135,000, and deliver the same to Parshall, in trust, to exchange for an equal amount of the stock of the company.

This action was commenced against Parshall, the commissioners appointed to subscribe for the stock of the railroad and the railroad company. The plaintiff prayed, among other things, that the bonding proceedings might be adjudged void, that the company might be enjoined from recovering any bonds from the defendant Parshall or the commissioners, and that the bonds and coupons might be delivered up to be canceled.

An answer was put in to the complaint, and the issues raised thereby were referred to a referee to hear, try and determine.

The referee reported adjudging the bonding proceedings to be invalid, and found that forty-one of the bonds had been sold by Parshall, who should account for the proceeds of sale, and further found, among other things, as follows:

"8th. That the defendants account to the plaintiff for the remaining forty-one bonds of said town, and for any of the coupons or proceeds thereof, or of any of the coupons of the said 109 bonds sold by them or either of them; the said defendants to be allowed for all of the same and the proceeds thereof which they have in good faith laid out and expended in building and equipping said road through the county of Wayne, and for any legal purpose mentioned in the agreements between the defendant Parshall and the said commissioners in evidence before me, for which purpose a further reference should be ordered."

In accordance with the report, an interlocutory judgment was entered, in obedience with the provisions of which judgment the parties appeared before the referee, and the defendant Parshall filed his account.

The court decided that Mr. Parshall was not chargeable with interest upon the money while the same remained in his hands, for the reason that it appeared that the same had been constantly kept in bank to his credit, as trustee, and subject to be called out of his

hands at any moment, and that he had been ready at all times to pay over the same when the amount and the person to whom it was to be paid were ascertained.

The counsel for the plaintiff claimed that the plaintiff was entitled to the interest upon the amount found due, after the correction by the decision of Judge RUMSEY, from the date of the report, December 30, 1879, up to the time of its payment.

*Charles H. Roys*, for the appellant.

*Dwight S. Chamberlin* and *W. F. Cogswell*, for the respondents.

HARDIN, J. :

The plaintiff appeals from the judgment herein entered December 18, 1880, in Wayne county clerk's office, and in its notice of appeal specifies the particular parts of said judgment from which an appeal is taken. The plaintiff also appeals from an order of the Special Term entered in Wayne county, December 18, 1880, which order vacated a judgment entered on the 21st of October, 1880. The plaintiff also appeals, thirdly, " from that part and portion of the eighth paragraph of the interlocutory judgment entered herein in said clerk's office on the 3d day of August, 1874, *which part* and portion is therein contained and expressed in the following words, to wit : " That said defendants be allowed for all the same and the proceeds thereof, which they have in good faith laid out and expended in building and equipping said road through the county of Wayne, and for any legal purpose mentioned in the written agreement between the defendant Parshall and the said commissioners put in evidence in this case."

The plaintiff also appeals from an order made at Special Term, and entered 27th April, 1880, which order confirmed the report of the referee as modified, and overruled some of plaintiff's exceptions and sustained others.

Section 1316 of the Code of Civil Procedure provides that an appeal taken from a final judgment, brings up for review an *interlocutory* or an *intermediate* order, *which is specified in the notice* of appeal, and necessarily affects the final judgment."          *          *

If the order of July 30, 1877, referred to in the notice of appeal,

had been specified at large, it would, under the section quoted, have been here for review in all its parts.   But the appellant in its notice of appeal has referred to one paragraph of the order or interlocutory judgment, and by thus doing expressly limited the right of review to that portion so specified in its notice of appeal.

The remaining portions of the order or interlocutory judgment remain standing obligatory upon the parties unappealed from.   That interlocutory judgment recites the findings of fact and of law made by Mr. Referee Macomber, and then it is ordered and adjudged " that the said report of said referee be and the same hereby is in all things confirmed. "   Thus we see vital and controlling portions of the interlocutory judgment are not brought up before us upon this appeal for review.   Besides the quotations we have given, it is stated in said interlocutory judgment, that the referee found there was no actual fraud committed or deception practiced by the defendants Parshall, Cole, Perrine and Chamberlin, or by either of them in any of the proceedings relating to the bonding of said town in aid of the construction of said railroad."

We must hold, therefore, that the testator was allowed properly for all money expended by him in and about the construction of the road, and in the preliminary proceedings in aid of the construction of the road while acting in good faith as agent or trustee for the town.  (*Colburn* v. *Morton*, 36 How., 150.)  It was proper to allow the usual fees or commissions given to parties acting as trustees, as there was no stipulation that the funds should be received and disbursed without charge.  (*King* v. *Talbot*, 40 N. Y., 96.)

The referee reported, December 30, 1878, that the plaintiff was entitled to judgment against Parshall for the sum of $36,149.44.

After that report was made the usual rule in regard to interest upon verdicts or reports applied, and the plaintiff was entitled to recover interest thereon.  (Code of Procedure, § 310; Laws of 1869, chap. 807; *Fuller* v. *Squire*, 8 How., 121; *Hunn* v. *Norton*, Hopkins' Chy., 344.)

Although the general rule is that a trustee, acting in good faith, keeping funds in hand ready to disburse, without mingling them with his own, should not be charged with interest thereon (*Jacot* v. *Emmett*, 11 Paige, 143), we see no reason after a trustee's accounts are stated, and he ordered to pay them over forthwith, why he

should not, if any delay in payment occurs after such a report is made, be charged with interest; if he would avoid paying interest he should pay to the party or deposit the funds in court. (*Hunn* v. *Norton*, Hopkins R., 344; Hoffman's Prac., 112; Code of Civil Pro., § 1235.)

We should modify the judgment so as to allow the plaintiff to recover interest from the date of the report. In other respects the several orders and the final judgment should be affirmed with costs.

The order allowing interest from the entry of judgment modified, so as to allow interest on the amount found due by the referee from the date of the referee's report, and in all other respects orders affirmed, and the judgments affirmed, with costs to respondent payable out of the fund.

TALCOTT, P. J., concurred; SMITH, J., not voting.

So ordered.