Maxine ADAMS, Plaintiff,

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**CIVIL ACTION No. 1:13–cv–151**

United States District Court, E.D. Texas, Beaumont Division.

Signed November 17, 2014

Cameron Nicholas Ehsani Landry, Cameron Ne Landry Law LLC, New Orleans, LA, for Plaintiff.

Andrea Hedrick Parker, U.S. Attorney, Beaumont, TX, for Defendant.

### ORDER

Ron Clark, United States District Judge

Plaintiff Maxine Adams moves to set aside a civil forfeiture processed by the Drug Enforcement Agency ("DEA") pursuant to 18 U.S.C. § 983(e). (Dkts.1, 5). The court finds that the DEA failed to give Plaintiff notice of the civil forfeiture proceedings as required under the nonjudicial civil forfeiture statutory regime.

### BACKGROUND

On August 22, 2012, Officers from the Beaumont Police Department Narcotics Division seized $105,099.00 in United States currency from Gregory White. At the time of the seizure, Gregory White was driving an Enterprise rental car leased in the names of Donyell Hatfield ("Mr.Hatfield") and Shameka Jo Hatfield. Plaintiff claims to be Donyell Hatfield's mother.

The Government contends that these funds were seized because they were proceeds for a violation of the Controlled Substance Act or used to facilitate a violation of the Controlled Substances Act.

On September 7, 2012, the DEA office in Beaumont, Texas, adopted this seizure and submitted a forfeiture report to the U.S. Department of Justice, Drug Enforcement Administration. (Dkt. 6–1 at 3). After reviewing the report and reviewing the seizure, the DEA accepted the case for administrative forfeiture. (Dkt. 6–1 at 3).

Plaintiff asserts that on December 6, 2012, she opened a letter, which the.DEA had mailed to her son, Mr. Hatfield, at on November 28, 2012. This letter was addressed to Mr. Hatfield, at P.O. Box 114, Metairie, Louisiana, 70004–0114, notifying Mr. Hatfield that the DEA had seized $105,099.00 from Gregory White "because the property was used or acquired as a result of a violation of the Controlled Substances Act" and advised Mr. Hatfield how to contest the forfeiture of the property. (Dkt. 1–2 at 10).[1] Mr. Hatfield had two options: (1) file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty days of receipt of the notice; or (2) in lieu of petitioning for remission or mitigation, contest the forfeiture of the seized property in United States District Court; to do so, he had to first file a claim with the Forfeiture Counsel of the DEA by January 2, 2013. (Dkt. 1–2 at 10).

Additionally, the DEA published notice of the seizure in the *Wall Street Journal*

---

1. The DEA also sent written notice ·of the seizure to Gregory White, Shameka Jo Hatfield, and the Office Manager of Enterprise Leasing Company, the only other parties who appeared to have an interest in the $105,099.00 on the date of the seizure.

on October 22, 2012, October 29, 2012, and November 5, 2012, to apprise unknown parties of the seizure. (Dkt. 6–1 at 26–28). This notice informed readers that that the deadline to file a claim with the Forfeiture Counsel of the DEA was December 6, 2012. (Dkt. 6–1 at 26–28).

On December 22, 2012, following the directions in the letter addressed to Mr. Hatfield, Plaintiff, through her attorney of record, sent a letter to the DEA which appears to include both a Request for Mitigation of Forfeiture and a Verified Claim for the $105,099.00 seized.[2] (Dkt.1–2 at 2).

On January 15, 2013, the DEA sent a letter to Plaintiff's Counsel, explaining that the last day for Plaintiff to file a claim to contest the seizure of the $105,099.00 in United States District Court was December 6, 2012 and that Plaintiff's claim dated December 22, 2012, and received by the DEA on December 26, 2012, was untimely. (Dkt. 1–2 at 1). The DEA further explained that Plaintiff's submission qualified as a Petition for Remission or Mitigation of Forfeiture and that the DEA would need a minimum of 120 days before it could render a decision on the merits of Plaintiff's petition. (Dkt. 1–2 at 1). While the DEA did not state this in its letter to Plaintiff's Counsel, it appears that the DEA based its decision of timeliness on the deadlines published to unknown parties in the *Wall Street Journal*. (Dkt. 6–1 at 26–28).

On February 20, 2013, the DEA entered a Declaration of Forfeiture, in which the DEA asserted that notice of the seizure had been sent to all known parties who might have had a legal or possessory interest in the property, and that notice of the seizure had been published by newspaper. (Dkt. 6–2 at 51). The DEA further assert-ed that no claim was filed for the property within thirty days from the date of the last publication of the advertisement. (Dkt. 6–2 at 51).

On March 14, 2013, Plaintiff filed a Complaint and Motion to Set Aside the Forfeiture in this court. (Dkts. 1, 5). Although Plaintiff's arguments are largely unclear and confusing, Plaintiff appears to raise her best, and her only, valid argument in her Supplemental Reply, where Plaintiff argues that she was entitled to written notice of the seizure under 18 U.S.C. § 983(a)(1)(A)(v).

## DISCUSSION

Federal law authorizes forfeiture of money intended for exchange for a controlled substance or received in exchanged for a controlled substance. 21 U.S.C. § 881(a)(6). The forfeiture statute borrows the notice of seizure requirements codified in 19 U.S.C. § 1607. 21 U.S.C. § 881(d). The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified at 18 U.S.C. § 983, outlines the general rules for forfeiture proceedings. 18 U.S.C. § 983. The government may administratively forfeit, without judicial involvement, money totaling less than $500,000 only after:

(1) furnishing **written notice** of the government's intent to forfeit to parties with a **known** interest in the money **and**

(2) providing notice of the government's intent to forfeit to parties with an **unknown** interest in the money by **publishing notice** once a week for at least three consecutive weeks in a newspaper of general circulation in the jurisdiction of the seizure. 19 U.S.C. § 1607(a).

---

2. Counsel for Plaintiff wrote the DEA,
   To whom it may concern,
   Please let this letter and the enclosed documents serve as our **formal request for Mitiga-tion of Forfeiture.** Please find attached the proof of funds that were withdrawn as cash and the **enclosed claim.**
   (Dkt. 1–2 at 2) (emphasis added).

■ When the Beaumont Police Department Narcotics Division first seized the $105,099.00, Plaintiff was *not* a "part[y] with a *known* interest," and was merely entitled to notice by publication in a newspaper of general circulation in the Eastern District of Texas. *JPMorgan Chase Bank v. United States*, No. 4:09cv150, 2010 WL 890230, at *3 (E.D.Tex., Sherman Division Mar. 9, 2010) (emphasis added); 19 U.S.C. § 1607(a). The DEA met its notice obligation to unknown parties by publishing notice of the seizure on three consecutive Mondays—October 22, 2012, October 29, 2012, and November 5, 2012—in the *Wall Street Journal*.

However, Plaintiff contends that when she mailed her claim to the DEA to contest the forfeiture, she became a "part[y] with a *known* interest" and was then entitled to written notice within 60 days of her claim. *See* 18 U.S.C. § 983(a)(1)(A)(v); *JP Morgan Chase Bank*, 2010 WL 890230, at *3 (emphasis added). The court agrees.

■ The government must abide by the notice requirements of CAFRA. *See* 18 U.S.C. § 983(a)(1)(A). To determine whether the government has met its notice obligations, the court applies the plain language of the statute to the undisputed facts as follows.[3]

| 18 U.S.C. § 983(a)(1)(A) | Facts |
|---|---|
| (1)(A)(i) Except as provided in clauses (ii) through (v), in **any** nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the seizure. | *In this case, the $105,099.00 was subject to a nonjudicial civil forfeiture under 18 U.S.C. § 981. At the time of the seizure, the Government sent proper notice to all known and unknown parties (1) by sending written notice to Gregory White, the driver of the car and person in possession of the $105,099.00 at the time of the seizure; Mr. Hatfield and Shameka Jo Hatfield, who had rented the car that Gregory White was driving; and the Office Manager of Enterprise Leasing Company, who had rented the car to the Hatfields; and (2) by publishing notice to unknown parties in the Wall Street Journal once a week for three consecutive weeks.* |
| (ii) No notice is required if, before the 60-day period expires, the Government files a **civil judicial forfeiture action** against the property and provides notice of that action as required by law. | *The Government makes no showing that it has filed a civil judicial forfeiture action against the $105,099.00, so the court assumes that such an action was never filed.* |
| (iii) If, before the 60-day period expires, the Government does not file a civil judicial forfeiture action, but does obtain a **criminal indictment containing an allegation that the property is subject to forfeiture,** the | *The Government makes no showing that it obtained a criminal indictment, so the court assumes that an indictment was never obtained.* |

**3.** "When interpreting a statute, we look first to the language." *Richardson v. United States,* 526 U.S. 813, 818, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).

| | |
|---|---|
| Government shall [abide by the notice requirements in § 983(a)(1)(A)(iii)(I)-(II)]. | |
| (iv) In a case where the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency. | *Officers of the Beaumont Police Department Narcotics Division seized the $105,099.00. At the time of the seizure, the Government sent proper notice to all known and unknown parties (1) by sending written notice to Gregory White, Mr. Hatfield and Shameka Jo Hatfield, and the Office Manager of Enterprise Leasing Company; and (2) by publishing notice to unknown parties in the Wall Street Journal once a week for three consecutive weeks.* |
| (v) If the identity or interest of a party is not determined until **after** the seizure or turnover but is determined **before** the declaration of forfeiture is entered, **notice shall be sent** to such interested party **not later than 60 days** after the determination by the Government of the identity of the party or the party's interest. | *The DEA received Plaintiff's letter on December 26, 2012. The Declaration of Forfeiture was entered on February 20, 2013.* |

18 U.S.C. § 983(a)(1)(A) (emphasis added).

■ The plain language of 18 U.S.C. § 983(a)(1)(A)(v) obligates the Government to provide written notice of its intent to forfeit when the Government determines the identity of a person who has an interest in the seized property *after* the seizure but *before* a declaration of forfeiture. *See* 18 U.S.C. § 983(a)(1)(A)(v). This provision applies even though notice to unknown parties was timely published because the language Congress used in this exception is "notice *shall* be sent." [4] *Id.* (emphasis added). Moreover, section 983 "does not impose any limitation on the ways in which the Government may be deemed to determine a party's interest or identity." *De La Fuente Flores v. The Drug Enforcement Admin. of U.S.*, No. 04C5037, 2005 WL 351059, at *4 (N.D.Ill. Feb. 14, 2005).

Neither party provides any case law to the contrary. Here, the DEA received Plaintiff's claim on December 26, 2012. The DEA entered the Declaration of Forfeiture on February 20, 2013. Because Plaintiff's claim was received by the DEA *before* the DEA entered the Declaration of Forfeiture, Plaintiff's attempted claim triggered an obligation on the DEA's part to provide written notice to Plaintiff not later than 60 days after the DEA received Plaintiff's claim.

*Dunn v. Commodity Futures Trading Comm'n*, 519 U.S. 465, 470, 117 S.Ct. 913, 137 L.Ed.2d 93 (1997) (internal citations omitted).

**4.** "[A]bsent any indication that doing so would frustrate Congress's clear intention or yield patent absurdity, our obligation is to apply the statute as Congress wrote it."

"[T]his reading of the statute imposes no undue or unfair burden on the government." *De La Fuente Flores,* 2005 WL 351059, at *4. Had Plaintiff not filed her claim until *after* the DEA entered the Declaration of forfeiture, Plaintiff's attempted claim would not have entitled her to written notice of the DEA's intent to forfeit. Under the plain language of section 983(a)(1)(A)(v), the DEA's "obligations to notify additional parties terminate [*only* ] once a declaration of forfeiture is made." *Id.* (emphasis added).

■ This reading of the statute also comports with the three broad goals of Congress in passing CAFRA: (1) "to increase the due process safeguards for property owners whose property has been seized;" (2) "to provide a more just and uniform procedure for Federal civil forfeitures;" and (3) to "provide enhanced protections to private property owners and at the same time ... not undermine, in a real and significant and unnecessary way, the ability of law enforcement agencies to seize and forfeit ... assets from illegal drug dealers."[5] H.R.Rep. No. 106–192 at 2 (1999); Civil Asset Forfei-

ture Reform Act of 2000, Pub.L. 106–185, 114 Stat. 202 (2000); 146 Cong. Rec. S1762 (daily ed. March 27, 2000) (statement of Sen. Sessions). While protecting the rights of citizens, section 983(e)(2)(A) allows the Government to commence a subsequent forfeiture proceeding against Plaintiff, regardless of any statute of limitations, striking a balance between a property owner's due process rights and the Government's interest in stopping crime. 18 U.S.C. § 983(e)(2)(A).

Having determined what notice is required under the statute, the court must determine whether to set aside the civil forfeiture. Under CAFRA, the exclusive remedy for a plaintiff seeking to set aside a nonjudicial civil forfeiture, "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property." 18 U.S.C. § 983(e). The court applies the plain language of the statute to the uncontested facts of this case to determine if "the motion **shall be granted.**" 18 U.S.C. § 983(e)(1) (emphasis added).

---

5. "In expounding a statute, we must not be guided by a single sentence or [part] of a sentence, but look to the provisions of the whole law, and to its object and policy." *Regions Hosp. v. Shalala,* 522 U.S. 448, 460 n. 5, 118 S.Ct. 909, 139 L.Ed.2d 895 (1998) (quot-

ing *United States Nat'l Bank of Ore. v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993), and *United States v. Heirs of Boisdore,* 8 How. 113, 122, 49 U.S. 113, 12 L.Ed. 1009 (1850)).

| § 983(e)(1)(A)-(B) | Facts |
|---|---|
| (e)(1)(A) the Government knew, or reasonably should have known, of the moving part's interest and failed to take reasonable steps to provide such party with notice; **and** | *As established above, the government knew of Plaintiff's interest in the $105,099.00 when Plaintiff attempted to file a claim with the DEA, which the DEA classified as untimely. The DEA did not then take reasonable steps to provide Plaintiff with notice of its intent to forfeit the property.* |
| (e)(1)(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim. | *This remains a factual issue to be determined by the court.* |

18 U.S.C. § 983(e)(1)(A)-(B).

## CONCLUSION

A hearing to address the remaining issue is set for December 1, 2014, at 2:00 PM in Courtroom No. 2 of the United States District Court for the Eastern District of Texas, Jack Brooks Federal Building and United States Courthouse, 300 Willow Street, Beaumont, Texas, 77701.

So **ORDERED**.