**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**February 18, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TWYLA CASADOS,

    Defendant - Appellant.

Nos. 20-1006 & 20-1216

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:19-CR-00001-REB-JMC-1)**

_____

David S. Norris of Squire Patton Boggs (US) LLP, Phoenix, Arizona (Keith Bradley of Squire Patton Boggs (US) LLP, Denver, Colorado, with him on the briefs), for Defendant-Appellant.

Paul Farley, Assistant United States Attorney, Denver, Colorado (Jason R. Dunn, United States Attorney, Denver, Colorado, with him on the brief), for Plaintiff-Appellee.

_____

Before **MATHESON**, **MURPHY**, and **MORITZ**, Circuit Judges.

_____

**MORITZ**, Circuit Judge.

_____

    The Mandatory Victims Restitution Act (MVRA) of 1996, 18 U.S.C. § 3663A, requires the district court to award restitution to reimburse a victim of an offense for transportation expenses incurred to attend proceedings related to the offense. *See*

§ 3663A(b)(4). The MVRA also permits a victim's representative to "assume the victim's rights." § 3663A(a)(2). But we conclude that § 3663A(a)(2) does not permit the victim's representative to substitute his or her own expenses for those of the victim. Thus, the district court here lacked authority to order Twyla Casados to pay restitution for transportation expenses that were incurred *not* by the victim of Casados's crime but instead by the victim's representative. We therefore reverse and remand for entry of a corrected restitution order.

## Background

Casados, a member of the Southern Ute Indian Tribe, was driving under the influence within the boundaries of the Southern Ute reservation in Colorado when she struck and killed another motorist, Charlene Bailey. Casados pleaded guilty to one count of second-degree murder in violation of 18 U.S.C. § 1111, and her plea agreement specifically anticipated a restitution order and described Bailey as "the victim" of the offense.[1] R. vol. 1, 10.[2]

The presentence report prepared by the United States Probation Office discussed two separate restitution requests. First, the Probation Office explained that

---

[1] Although the government agreed that Casados's conduct was comparable in culpability to a state-law vehicular-homicide crime, it ultimately charged her with second-degree murder because there was no applicable crime for vehicular homicide in Indian country. So Casados pleaded guilty to second-degree murder, and the parties agreed to recommend a lower sentencing range than is typical for second-degree murder and more aligned with the state-law penalty for vehicular homicide.

[2] We cite to the record in Appeal No. 20-1006.

the La Plata County Crime Victim Compensation Board paid $1,854.00 for Bailey's cremation services and concluded that the Victim Compensation Board was entitled to restitution for that payment. Second, the Probation Office described the government's restitution request for $7,724.20 to reimburse Bailey's son, Anthony Rivas, for airline and other travel-related expenses incurred when Rivas, his wife, and his two children traveled to Casados's detention hearing. The government argued that Rivas was entitled to restitution under the MVRA because (1) § 3663A(b)(4) authorizes restitution to reimburse the victim's transportation costs for attending court proceedings and (2) when the victim is deceased, a "representative of the victim's estate[ or] another family member . . . may assume the victim's rights under this section." § 3663A(a)(2). The Probation Office found this argument unpersuasive and recommended that the district court deny this restitution request.

At her sentencing hearing, Casados concurred with the Probation Office's recommendations on restitution. She specifically agreed that she owed restitution to the Victim Compensation Board to cover the costs of Bailey's cremation services, but she argued she should not be required to cover travel expenses incurred by Bailey's family members. In response, the government maintained that "the law is very clear that [Bailey's children] stand in her shoes for the purposes of the restitution statute." R. vol. 4, 17.

The district court agreed that the statute permitted recovery of the family's travel expenses and ordered Casados to pay $7,724.20 in restitution to Rivas. The district court also ordered Casados to pay the undisputed $1,854.00 in restitution to

the Victim Compensation Board and sentenced Casados to 168 months in prison, the top of the range the parties stipulated to in the plea agreement.

Casados appeals, challenging only the order to pay $7,724.20 in restitution to Rivas for his family's travel expenses.[3]

## Analysis

"We review the legality of a restitution order de novo." *United States v. Wells*, 873 F.3d 1241, 1265 (10th Cir. 2017) (quoting *United States v. Shengyang Zhou*, 717 F.3d 1139, 1152 (10th Cir. 2013)). A restitution order that exceeds its statutory authorization is illegal. *See United States v. Gordon*, 480 F.3d 1205, 1209–10 (10th Cir. 2007).

As pertinent here, the MVRA requires restitution when a defendant commits a "crime of violence" for which there is an "identifiable victim or victims" who "suffered a physical injury or pecuniary loss" because of the defendant's crime. § 3663A(c)(1); *see also* § 3663A(a)(1). The MVRA further provides a specific definition of the term "victim," explaining that a "victim" is "a person *directly and proximately harmed* as a result of the commission of an offense for which restitution may be ordered." § 3663A(a)(2) (emphasis added). In the next sentence, the statute additionally explains that when the victim "is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the

---

[3] The government initially argued that Casados's appeal was barred by the plea agreement's waiver of appellate rights, but it now concedes that the appellate waiver does not apply to the argument Casados raises in this appeal.

4

victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section."[4] *Id.*

The MVRA then lists several categories of expenses that qualify for restitution: property loss, medical expenses for injured victims, funeral expenses for deceased victims, and transportation and other expenses related to investigation and prosecution. § 3663A(b). Set out in full, these four categories require the defendant to:

> (1) in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense—
>
>> (A) return the property to the owner of the property or someone designated by the owner; or
>>
>> (B) if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, pay an amount equal to—
>>
>>> (i) the greater of—
>>>
>>>> (I) the value of the property on the date of the damage, loss, or destruction; or
>>>>
>>>> (II) the value of the property on the date of sentencing, less
>>>
>>> (ii) the value (as of the date the property is returned) of any part of the property that is returned;
>
> (2) in the case of an offense resulting in bodily injury to a victim—

---

[4] The MVRA also permits a district court to order "restitution to persons other than the victim of the offense," but only if this is "agreed to by the parties in a plea agreement." § 3663A(a)(3). The plea agreement in this case included no such provision.

(A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

(B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

(C) reimburse the victim for income lost by such victim as a result of such offense;

(3) in the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

(4) in any case, reimburse the victim for lost income and necessary child[]care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

§ 3663A(b)(1)–(4).

On appeal, Casados argues that the district court exceeded its authority in awarding restitution to Rivas under § 3663A(b)(4) for transportation expenses he and his family incurred to attend Casados's detention hearing. In this regard, Casados recognizes that Rivas could "assume the . . . rights" of his deceased mother under § 3663A(a)(2). But she contends that the assumption-of-rights provision only permits Rivas to seek restitution on behalf of his mother for *his mother's* qualified expenses. In other words, according to Casados, the MVRA does not permit the district court to substitute the representative's expenses for the victim's expenses or make the victim's representative into a victim in his or her own right. Thus, Casados asserts,

the district court erred in ordering her to pay the travel expenses incurred by Rivas and his wife and two children.

The government, on the other hand, argues that by assuming the victim's rights, Rivas assumed all the rights the victim "would have had *if she were able to exercise them*." Aplee. Br. 19. In other words, the government sees no error in the district court's restitution award of Rivas's transportation expenses because had the victim survived, she would have been entitled to restitution for travel expenses incurred to attend Casados's detention hearing.[5]

The parties' opposing positions require us to consider the scope of the phrase "assume the victim's rights under this section" in § 3663A(a)(2) in conjunction with the operative language of § 3663A(b)(4), which governs the specific category of restitution at issue here, transportation expenses incurred to attend a proceeding related to the offense. Beginning with the phrase "assume the victim's rights under this section," we first consider the definition of the word "assume." *See United States v. Thomas*, 939 F.3d 1121, 1123 (10th Cir. 2019) (noting that "we interpret a word or phrase in a statute . . . in accordance with its ordinary, everyday meaning" and turning to dictionaries for such meanings). As Casados points out, the term

---

[5] Notably, the government does not extend this argument to the transportation expenses incurred by Rivas's family members, contending only that the assumption-of-rights provision allows an award of Rivas's own travel expenses. Elsewhere, the government captures his family's expenses in an alternative argument made for the first time on appeal, asserting that both Rivas and his family members are entitled to restitution as victims in their own right. We address—and reject—that new alternative argument later in our analysis.

"'[a]ssume' means to take over the rights or obligations of *someone else.*" Aplt. Br.14; *see also Assumption*, Black's Law Dictionary (11th ed. 2019) ("The act of taking (esp. someone else's debt or other obligation) for or on oneself . . . ."); *Assume*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/assume (last visited Jan. 15, 2022) ("[T]o take over (the debts of another) as one's own."). Next, the statute tells us that the individual whose rights are assumed by the representative is the "victim," defined in the preceding sentence as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." § 3663A(a)(2).

That leaves the question of what "rights" are assumed. The statute tells us it is the "rights under this section"—that is, the right to receive the types of restitution outlined in § 3663A. We therefore look to the remainder of the statute, and more specifically, to § 3663A(b), which lists the categories of restitution that are compensable. As Casados points out, the plain language of the statute expressly limits these categories of expenses to *the victim's* specific losses, a limitation that makes sense in light of the express definition of a victim as someone "directly and proximately harmed as a result of the commission of [the] offense." § 3663A(a)(2); *see also* § 3663A(b)(1)–(4). For instance, the MVRA mandates restitution for the costs of funeral expenses for a deceased victim or medical costs for an injured victim—costs that could only be incurred by the victim. *See* § 3663A(b)(2)(A)–(B), (b)(3). Likewise, the property-loss category focuses on restitution for damage or loss caused by the offense to "property *of a victim.*" § 3663A(b)(1) (emphasis added).

8

And the other categories of loss subject to restitution are also directly limited to the victim's own losses by the statute's plain language: They are prefaced with the phrase "reimburse *the victim*." § 3663A(b)(2)(C), (b)(4) (emphasis added). Indeed, as relevant here, the MVRA requires restitution to "reimburse *the victim* for . . . transportation[] and other expenses incurred during . . . attendance at proceedings related to the offense." § 3663A(b)(4) (emphasis added). Thus, the MVRA specifically limits restitution to reimbursement of the victim's covered losses. Accordingly, when a representative assumes the victim's right to restitution, he or she assumes the right to receive restitution for the victim's covered losses.

In arguing for a broader interpretation, the government acknowledges that § 3663A(a)(2) merely permits a family member or other individual to "represent the victim" and does not cause the representative to "become the victim." Aplee. Br. 17 (quoting *United States v. Bedonie*, 317 F. Supp. 2d 1285, 1299 (D. Utah 2004), *rev'd on other grounds sub nom. United States v. Serawop*, 410 F.3d 656 (10th Cir. 2005)). Nevertheless, the government contends that in assuming the victim's rights, Rivas assumed all the rights that the victim "would have had if she were able to exercise them," reasoning that had the victim here lived, she would have been entitled to restitution for transportation expenses incurred to attend Casados's detention hearing. Aplee. Br. 6. The government therefore maintains that the district court acted within its authority by awarding Rivas travel expenses he incurred to attend the hearing. But this interpretation fundamentally misreads § 3663A(a)(2) and effectively adds text to the statute, which is something we cannot do. *See, e.g.*, *United States v. Pauler*,

9

857 F.3d 1073, 1077 (10th Cir. 2017); *United States v. Saenz-Mendoza*, 287 F.3d 1011, 1014 (10th Cir. 2002). Section 3663A(a)(2) does not state that a victim's representative assumes the rights the victim would have had if the victim were able to exercise them; it simply permits the representative to assume "*the victim's* rights." Thus, the representative's assumption of the victim's rights does not permit the representative to receive reimbursement of his or her own expenses because the representative only assumes the victim's rights—that is, the restitution owed *to* the victim.

The Eighth Circuit reached the same result after conducting a thorough analysis of this statutory language in *United States v. Wilcox*, 487 F.3d 1163 (8th Cir. 2007). There, the defendant was convicted of sexually abusing a minor, and the district court ordered the defendant to pay the victim's mother restitution for both the mother's lost income and the cost of transporting the minor to treatment. *Id.* at 1167, 1176. The Eighth Circuit held that because the mother was not a victim of the offense, she could not be reimbursed for her lost income under § 3663A(b)(2)(C), which authorizes an award of restitution in a bodily-injury case to "reimburse the victim for income lost by such victim as a result of such offense." § 3663A(b)(2)(C); *see also Wilcox*, 487 F.3d at 1176–77. And notably, the court's conclusion was not limited to the language of the lost-income provision; the court also specifically rejected the possibility that the mother could obtain such restitution under § 3663A(a)(2)'s authorization for a victim's representative to assume the victim's rights. *See Wilcox*, 487 F.3d at 1177. The court explained that the assumption

provision "simply provides that the court may order the defendant to pay to the legal guardian, rather than the victim herself, the restitution owed *to the victim*" and "does not allow the legal guardian to substitute her own losses for those of the victim." *Id.* Thus, the Eighth Circuit ruled, the mother could receive reimbursement on behalf of the victim for the victim's treatment-related travel costs, and she could have received restitution for any income the minor victim might have lost because of the sexual abuse. *Id.* at 1177–78. But the mother could not receive restitution for her own lost income. *Id.* at 1177. The Eighth Circuit recognized that "[t]here may be good policy reasons for allowing a court to order reimbursement of a parent's lost income," but it was not persuaded that "the present statutory language encompasses that policy." *Id.* at 1177–78.

The Sixth Circuit reached a similar result in *United States v. Patton*, 651 F. App'x 423 (6th Cir. 2016) (unpublished). There, a jury convicted the defendant of shooting several National Guard officers, and the district court awarded approximately $6,600 in restitution for "wages lost by the shooting-victims' spouses while 'provid[ing] care' to the victims." *Id.* at 423, 428 (alteration in original). Relying in part on *Wilcox*, the Sixth Circuit reversed this restitution award, holding that the defendant could be required to pay restitution only for the shooting victims' expenses, not for their spouses' losses. *Id.*

On the other side, the government points to *United States v. Pizzichiello*, 272 F.3d 1232 (9th Cir. 2001). There, the Ninth Circuit held that family members of a deceased victim could recover their lost income and travel expenses under the

Victim Witness Protection Act based on their assumption of the victim's rights. *Id.* at

1240–41. The Ninth Circuit's reasoning consists, in its entirety, of the following

explanation:

> Had [the victim] survived, he certainly would have been able to recover the
> expenses he incurred in participating in the investigation and prosecution of
> the robbery. Under § 3663(a)(2), family members may assume that right. It
> is reasonable that more than one family member might need to be involved
> in the investigation and prosecution of the crime in order to assert the rights
> of the deceased. Therefore, the district court did not abuse its discretion in
> ordering restitution for lost income and travel expenses payable to [the
> victim]'s family members.

*Id.* at 1241. We are not persuaded by this conclusory explanation, which is untethered

from the statutory language we discussed above.

Instead, we agree with the Sixth and Eighth Circuits that the phrase "assume

the victim's rights" does not permit a victim's representative to transform the MVRA

from a victim-compensation statute into a vehicle for reimbursing the

representative's own expenses. Even if there might be "good policy reasons for

allowing a court to order reimbursement" of the representative's lost income,

childcare, or travel expenses, we "do not think the present statutory language

encompasses that policy."[6] *Wilcox*, 487 F.3d at 1177–78.

Further, as the government itself points out, "the MVRA's core purpose . . . is

'to ensure that victims, to the greatest extent possible, are made whole for their

---

[6] Of course, if the government wishes for a victim's guardian or other
representative to obtain such reimbursement in a future case, it can negotiate for the
plea agreement to include an agreement to that effect. *See* § 3663A(a)(3).

losses.'" Aplee. Br. 18 (quoting *United States v. Serawop*, 505 F.3d 1112, 1124 (10th Cir. 2007)); *see also U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (noting that statutory interpretation must be guided by "object and policy" of statute (quoting *United States v. Heirs of Boisdoré,* 49 U.S. (8 How.) 113, 122 (1850))). But the government does not explain how the victim is made whole by a restitution order to be paid to someone other than the victim for that person's expenses. Contrary to the government's assertion, there is no reason in this case to conclude that Bailey or her estate will be made whole by the district court's order of restitution to pay for Rivas's personal travel expenses, or those of his family, which were not incurred by either Bailey or her estate. And because the MVRA is intended to be compensatory, it should not be interpreted to require the defendant "to pay a sum of money to another entity" such that it "punishes the defendant without in any way compensating the victim." *United States v. Speakman*, 594 F.3d 1165, 1177–78 (10th Cir. 2010).

We are also unpersuaded by the government's argument that "[d]isallowing reimbursement for attendance at court proceedings produces an anomalous result: a maimed victim of bodily injury would receive restitution, while a deceased victim would not." Aplee. Br. 6–7. This argument seems to be based in part on the assumption that an injured victim will always receive restitution for travel expenses. But the plain language of the MVRA only allows such restitution if the victim actually incurs such travel expenses, and not all victims will do so. *See* § 3663A(b)(4). And it is neither anomalous nor nonsensical to base restitution on the

13

victim's actual losses even though different victims will incur different losses; to the contrary, this is exactly what the MVRA requires. *See United States v. Galloway*, 509 F.3d 1246, 1253 (10th Cir. 2007) ("It is well settled that 'a restitution order must be based on *actual* loss.'" (quoting *United States v. Quarrell*, 310 F.3d 664, 680 (10th Cir. 2002))).

In summary, "[w]hen confronted with clear and unambiguous statutory language, our duty is simply to enforce the statute that Congress has drafted." *United States v. Ortiz*, 427 F.3d 1278, 1282 (10th Cir. 2005). Here, that language limits restitution to losses incurred by the victim, and the victim's representative assumes the right to receive restitution for exactly those losses incurred by the victim, and not his or her own losses. We therefore hold that the district court erred in awarding restitution to Rivas as the victim's representative for his own and his family's travel expenses.[7]

As a final matter, the government urges us to affirm the district court's decision on the alternative basis that Rivas and his family members are themselves victims of Casados's crime. "We may affirm on alternative grounds only when those grounds are dispositive, indisputable, and appear clearly in the record." *United States v. Schneider*, 594 F.3d 1219, 1227–28 (10th Cir. 2010).

---

[7] Because we conclude that the MVRA does not authorize reimbursement of Rivas's travel expenses, we need not reach Casados's alternative argument that even if the MRVA authorizes reimbursement of Rivas's travel expenses, it does not authorize an award of such expenses for Rivas's wife and two children, who were not the victim's representative.

At sentencing, the government bore the burden of proving that Rivas and his family members were victims. *See Speakman*, 594 F.3d at 1172–73, 1173 n.5. But the government neither argued nor attempted to prove that Rivas and his family members were "directly and proximately harmed" by the offense and therefore qualified as victims in their own right. § 3663A(a)(2) (defining "victim" for purposes of MVRA as "a person directly and proximately harmed" by defendant's offense). Rather, the government relied solely on the victim-representative provisions of § 3663A(a)(2). And because the government did not raise this argument or introduce any evidence on this point, the district court made no findings as to whether Rivas and his family members were directly and proximately harmed by the offense and were thus victims themselves. We accordingly decline to affirm on this alternative basis because it is not "indisputable" and does not "appear clearly in the record." *Schneider*, 594 F.3d at 1227–28; *see also United States v. Zander*, 794 F.3d 1220, 1234 (10th Cir. 2015) (declining to consider for first time on appeal "disputed, fact-intensive questions" regarding whether defendant's crime directly and proximately caused claimed losses); *United States v. Hall*, 798 F. App'x 215, 221 (10th Cir. 2019) (unpublished) ("[W]e are not persuaded by the government's arguments in favor of overlooking its forfeiture in order to affirm on an alternative ground.").[8]

---

[8] Though unpublished, we find *Hall* persuasive. *See* 10th Cir. R. 32.1(A).

15

**Conclusion**

The MVRA permits a victim's representative to receive restitution only for the victim's expenses, not for the representative's own expenses. The district court accordingly erred in ordering Casados to pay restitution for travel expenses that were incurred by Rivas and his family rather than by Bailey. We therefore reverse the district court's order of restitution as it relates to Rivas and his family and remand for entry of a corrected order in accordance with this opinion.